By the Court.

It is generally true, that an insurer is not liable for losses arising from a breach of the trade laws of the foreign country to which the voyage insured is made ; unless such risk is expressly assumed, or must be presumed by necessary implication to have been intended to be taken. Insurance against such loss is. * undoubtedly a legal contract. In the case before us, it sufficiently appears, that the loss was owing to that cause.
It has been argued, that the defendant must be understood to have taken this risk, because he was informed of the nature of the voyage. But it is well understood, that some trade may be lawfully carried on at Curapoa; and the presumption does not necessarily arise, except in cases where none but a contraband trade can be carried on.
The Order in Council has been relied on, as relaxing generally the British colonial system. But this order was known to have been intended for no other purpose than to meet and counteract the restrictive measures of the government of the United States. It provided only, that vessels, which had escaped from our ports without regular clearances, and apparently bound to their colonies with provisions, should not be molested by their cruisers. The vessel, in this case, was not condemned for being without the usual documentary papers, but for a breach of the general standing laws of trade, as enforced in the British colonies. It was not, then, a loss within the policy declared on.

Judgment on the verdict.